United States against Witkemper. Mr. Smith. Good morning. May it please the court. Today I'm going to be focusing exclusively on our argument that the district court erred in finding. It was not a district court, if I recall. Wasn't it the tax court? No, Your Honor, this was in the trial in the district court. I'm sorry, I'm sorry. This was the Southern District of Indiana. My apologies. Oh, no problem at all, Your Honor. The last one was a tax court matter, so I get the mix up. Again, we're focusing solely on the issue of the signatures on the Exhibit 11 that purported OIC that was presented by the government as a rebuttal document to Mr. Witkemper's testimony. He did not file an OIC. Without that filing, the statute of limitations on collections was never told, and the government filed, I believe, 26 or 28 days past the lapse of that statute. There is a lot of evidence in the record about signatures, a lot of questions of Mr. Witkemper about which signatures are his, which ones are not. Some question about whether or not he's correct, either in his memory or whether or not someone else might have signed for him on certain documents. But the one document he was very clear on, and to say, No, that's not my signature every time, was the OIC document. Mr. Smith, the district judge held a bench trial and found that your client was not telling the truth. Now, why is that finding clearly erroneous? I believe the finding is clearly erroneous because he found that based solely on the possibility that the signature in question could be his. There was no evidence that it was present. We believed it was going to be called and we were going to be challenging that, but that never took place. So I don't believe that the district court can make a finding solely because someone testifies they didn't do something because they're so dishonest. If I recall the district court's opinion, that is not the sole basis. The district court found that your client's signature is on a $150 check, the fee for making the offer, and that is apparently uncontested. The district judge found that he signs the check. It stands to reason he signed the application. Otherwise, this is all pointless. That's what the district court found. Why is that clearly erroneous? It's clearly erroneous here because there's no dispute that Mr. Whitkemper tried to do something on July 25th and he admits some of the paperwork is filled out by him. But the signature in question is actually dated 15 days before that. You had July 25th and July 10th. There's a lot of debate and disagreement about how that page even came into existence. There's no one to even verify the IRS officer's signature either, which is also required for it to ever be pending. So the fact that the documents were submitted, that doesn't meet the standard of it being pending, and that page is crucial because of that. So yeah, there's signatures everywhere. Mr. Whitkemper said I went in and threw something at the wall to see what would stick, but it didn't go anywhere. Some of the signatures in the packet are mine, but some of them are not. And we had some overall arguments that things are kind of being made to fit here to get past that statute of limitations. Mr. Smith, here's the difficulty that I have, and maybe it's just a different way of asking Judge Easterbrook's question. The arguments that you're making are precisely why a bench trial was held. It was a whole feature of the bench trial, correct? Yes. Okay. And the bench trial concluded with Judge Sweeney here authoring a pretty detailed and set of findings and conclusions. And he didn't find, this is what I was looking for, he didn't find, well, there's a possibility that the taxpayer signed the offer and compromised. That wouldn't sound like much of a finding. He found that he signed it. Did he not? I mean, I'm looking right at paragraph 20. He did, yes. Okay. So what you have to do now on appeal is point to something that satisfies the clear error standard, because that's the standard which you acknowledge in your brief under which we're reviewing the district court's decision. But re-arguing it, re-presenting it as it was presented to Judge Sweeney isn't the way to do that. What can you point to that shows us that the factual finding in paragraph 24 on page A8 reflects clear error? So the argument is pointing to what isn't there. This actually isn't what we argued before the trial court. There was no evidence presented by the government that this crucial signature belonged to Mr. Whitkemper. It was only denied by evidence. So you've got markings on a piece of paper. They're either his signature or they're not. He said, that's not mine. And then he identified other writings that were. My point is it's clear error. You mean there's no evidence. What is Judge Sweeney talking about in footnote 2? It goes on and on and on. As Judge Easterbrook's pointing out, there were a whole bunch of signatures that were put before the district court. Correct. But the one signature that matters, the one that's crucial, is the one on page 4 of Exhibit 11. And the only foundation provided is that Mr. Whitkemper said, that's not my signature. I didn't sign that 15 days before the arrest. But the way that you either have it examined by a handwriting expert, whether the signature is the same, or you do a comparison and you make a finding. That's the only way to do it when somebody says it's not my signature. I mean, what are the other options? And the judge did the latter. He compared it. I think unless the district court judge is sort of serving as his own handwriting expert, I think he would have to look back to the government and say, what do you have to say that it is his signature? Are you asking me just to assume that? And I think that's what they did. Juries do that all the time, by the way. I mean, it's not, it's, it's, it's, government never has to put on a handwriting expert. They do. And by the way, sometimes they do and the handwriting expert's opinion is inconclusive and the government still wins. That happens all the time. And that just seems like that's what happened here. Except it was a judge, not a jury, finding the fact. Evidentiary, from an evidentiary perspective, the only thing that happened is Mr. Whitkemper said, that's not my signature. No, that's not the only thing that happened. The other thing that happened is the district judge Sweeney found that he is a liar. That's an important finding. But to find that when nobody's challenging his testimony, that that one signature is not his. I think that's clear error. I think a judge has to have some evidence upon which to make the opposite finding. Not just say you're such a dishonest person. What is happening in footnote two, in your opinion? Can you look at it for me? Which page are you on? I'm sorry. Okay, go to blue brief. Page A8 and A9. To my recollection, maybe the government will correct me. That's where this whole signature discussion occurs. A8 and A9. Okay, and footnote two contains a lot more than what you just said. You can go to A9 and go six lines down. Okay. So to respond to that, our point is if you take the whole thing and you say look at all these signatures, look at all how close they are here or there, all you'd have to have is somebody to forge one signature and we lose. And that's our contention is that you have to have somebody substantiate that one piece of paper and who presented it, when, how it was kept and preserved. Something that would challenge our testimony. Do you have some legal authority? Effectively, your proposition now is no district judge can ever accept that a signature is genuine if the genuineness is contested without the testimony of an expert document examiner. No, what I'm saying is that. Do you have any authority for that proposition? I do not. I only have the common sense of it. That's all I have. It's not contested from an evidentiary perspective, only from an allegation perspective. That's what our case is really about. There's just one testifying party and he said it's not mine. And you don't think any of the things mentioned in footnote two is evidence? We have a very different definition of the word evidence, Mr. Smith. I don't think evidence of all the other signatures can confirm the one crucial one with nobody testifying that this is this is his signature. He presented it to me. It came from somewhere. And this is how we know it's his. I think I'm about out of time. Thank you, Mr. Smith. Can I make one observation? You can take it or leave it. One of the things and I'll just speak for myself as a judge that makes a review of this appeal difficult is you filed your blue brief. The government, of course, responded. And then we did not receive a reply. And so one of the things that you wonder after you read the red brief is what is the taxpayer's response to some of the arguments in the red brief? That's precisely the function of reply brief serves. And the court made a similar observation. If memory serves in the Galloway appeal in on December the 10th of 2021. So you can take the renewed observation for what it's worth. Would you like me to respond? No. Okay. Miss you. We do not think you need make a lengthy argument. Miss you. Thank you, Your Honor. May it please the court. My name is Lauren and I represent the United States of America in this appeal. Because the Whitcombers have raised only their statute of limitations argument. I will simply reply to the argument that they made. This court's precedent in Malachinsky versus commissioner is decisive of the clear error issue on Mr. Whitcomber signature in Malachinsky versus commissioner. This court held that the tax court did not clearly err by determining that a taxpayer signature on a document was genuine. Notwithstanding the taxpayers to testimony under oath that it was not his signature as well as his own expert witnesses stating that it was not his signature. And evidence of who likely suspect to have committed a forgery was by contrast here. There is nothing more than Mr. Whitcomber's own discredited testimony to show that he did not sign the document. By contrast, there are forms 4340. There's the existence of the offer and compromise itself. There are literally hundreds of examples of Mr. Whitcomber signature in the record. And there are also other documents of correspondence between the IRS and Mr. Whitcomber regarding his offer and compromise, which would not have existed in the absence of a of an opera and compromise being signed and submitted to the IRS. Unless the judges have any further questions regarding the statute of limitations argument or the statute of limitations on assessment argument. The government will simply rest on its free. In this case. Thank you very much. Thank you. Miss you. The case is taken under advisement.